## *347] *William Austin, indorsee of Isaac Teasdale *against* Jonas Ingham.

Court will not permit the plaintiff to enter his replication and join the issues under the arbitration act, after the jury are sworn, without the consent of the defendant.

SUIT on a promissory note.   The defendant pleaded *non assumpsit* and payment, a set-off and the statute of limitations.

After the jury were sworn, it was discovered that the plaintiff had not replied to the pleas, and that the issues were not joined.   Mr. Morgan, for the plaintiff, moved, that the court would permit him to amend, by entering the replication, and formally joining the issues, under the 6th section of the arbitration act, passed 21st March 1806, 7 St. Laws 563, it being plainly within the spirit of the act.   This motion, Mr. Hare, for the defendant opposed, his client not being prepared with his witnesses for the trial.

YEATES, J.   Unquestionably the intention of the legislature was, that formal objections which do not go to the merits of the controversy, shall not be readily listened to.   But I can discover their meaning no otherwise, than by their words.   It is clear, that the expressions go no further than to permit an amendment of the declaration or statement, and of an alteration of the plea or defence ; and I do not feel myself warranted to extend them by construction.

[Respublica *v.* Duane.]

The motion was denied; and the jury were dismissed by the court from giving a verdict.

Cited in 58 Pa. 453 in support of the proposition that amendments beyond the plea are as at common law, and to be tested by a legal discretion.